[Circuit Court of Lucas County.]

WALTER J. SHERMAN v. GEORGE W. MILLARD.

Decided, 1904.

*Distribution—Duty of Appellate Court Under Section 6726—Priority of Lien of Mortgagee—As Against Court Costs and Fees of Administrator and Attorney—Administrator not a Necessary Party in Foreclosure Proceedings, When—Is a Trustee for the Unsecured Creditors Only.*

1. An appellate court, in reversing an order of distribution made by the probate court in an action by an administrator to sell property to pay debts, should under Section 6726 either make the order of distribution, or in remanding the case to the probate court specifically indicate the items to which the fund for distribution should be applied.

2. Neither the fees of an attorney of an administrator in an action brought by him to sell real estate to pay debts, nor the general costs of administration, nor premiums due a surety company upon the administrator's bond are included in the costs and expenses "of the sale" under Section 6165, and can not therefore in the order of distribution of the fund realized from the sale be allowed prior to the claim of the first mortgagee; nor can it be allowed as extraordinary expenses under Section 6188.

3. Where the lien of a first mortgagee is set up in an action commenced by the administrator to pay debts, it must be preserved in the fund realized from the sale of the mortgaged property; but should the mortgagee fail to set up his claim his lien is thereby cut off, and he becomes a general creditor, and the administrator owes him no duty beyond that of a general creditor.

4. An administrator in commencing an action to sell to pay debts real estate which is incumbered by mortgage, assumes the risk of the fund realized therefrom being insufficient to pay his own fees and those of his attorney and the court costs incident to the general administration; such fees and costs can not be paid from the fund to the prejudice of the mortgagee.

5. The administrator of a deceased mortgagor is not a necessary party to a proceeding for foreclosure of the mortgage, although he may be a proper party where the equity of redemption is of any value; and inasmuch as a purchaser at foreclosure sale is subrogated to all the rights of the mortgagee, his title can not, in the

absence of fraud or collusion, be impeached by the general creditors or by the administrator where the value of the property proves less than the mortgage debt.

PARKER, J.; HULL, J., and HAYNES, J., concur.

Error to Lucas Common Pleas Court.

In 1899, Oscar Decker being the owner of two acres of land, mortgaged it to secure a promissory note of $500.

In January, 1902, Decker having died, George W. Millard was appointed administrator of his estate, and the land mortgaged was appraised at $700.

In April, 1902, the administrator filed his petition in the probate court for the sale of the two acres of land to pay debts.

Sherman, the holder of the note and mortgage, having been made a party defendant, filed his cross-petition asking that the mortgage be foreclosed and his rights protected.

In October, 1902, a decree was rendered finding due to Sherman on the mortgage $500 and interest, to the decedent's widow $— — in lieu of dower and $300 for year's support, and ordering sale of the two acres of land.

In May, 1903, the land was sold in pursuance of the decree at public sale for $600 and the proceeds of sale ordered to be distributed as follows:

1, Court costs in sale of property, $35.09; 2, court costs in administration of estate, $15.40; 3, administrator's percentage of proceeds of sale, $36.00; 4, attorney's fees and surety company's bond of administrator, $60.00; to Sherman on mortgage, $431.51.

To this order of distribution the defendant, Sherman, excepted and, to obtain its reversal or modification, filed his petition in error in the common pleas court.

That court reversed the judgment of the probate court and remanded the case to that court with directions to distribute the proceeds "according to law" and "in accordance with Section 6165, Revised Statutes," but did not indicate specifically what judgment the probate court should render.

Sherman now prosecutes error in this court, claiming that the common pleas court should have rendered the judgment which

the probate court should have rendered and that this court should now do so; and that the proper order would be to omit the second and fourth items and pay on the mortgage $528.91 instead of $431.51.

Section 6726 reads in part as follows:

"When a judgment or final order is reversed, either in whole or in part, in the common pleas court, * * * the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remanded the cause to the court below for such judgment."

In *Minnear* v. *Holloway*, 56 Ohio St., 148, the court says, on page 154, speaking of orders and judgments made on hearings, on affidavits or evidence, for injunctions, or for the vacation of an injunction, or the dissolution of an attachment, or motions for the appointment or discharge of receivers, or motions for the vacation of an order of arrest in a civil action and other like motions and proceedings in which no issues of fact are made up by the pleadings, and there is no trial in the legal sense of that term:

"In such cases the higher court, upon reversal of the order made on the hearing in the court below, proceeds to make such order as it thinks the court below should have made, or remands the case to the court below with instructions to make such order."

See also *Davis* v. *Turner*, 69 Ohio St., 101, decided October 27, 1903.

In the case at bar the order reversed was an order distributing the proceeds of the sale, and the appellate court should either have made an order of distribution, or should have indicated to which items the funds to be distributed should be applied.

As Section 6165 prescribes how the proceeds of real estate so sold shall be distributed, the order of the common pleas court that they shall be so distributed is correct as far as it goes; but it is too general. Presumably the probate court had endeavored to follow this section in its order, which was reversed, but had fallen into error in its attempt; therefore, the order of the common pleas court should have been specific so that a like error might not occur again, and so that nothing would remain to be

done in the court below but to execute such specific order of distribution.

This section provides that "the money arising from the sale of real estate shall be applied in the following order:

"1. To discharge the costs and expenses of the sale and the percentum and charges of the executor or administrator thereon, for his administration of the same.

"2. To the payment of mortgages and judgments. * * *

"3. To the discharge of claims and debts, in the order mentioned in this title."

That order is found in Section 6090.

Under Section 6165, the mortgagee claims that the costs and expenses and charges of the administrator are confined to those arising out of the sale, and do not include those which arise in the general administration of the estate.

As to the attorney fees, in the case of *Thomas* v. *Moore*, 52 Ohio St., 200, it is held that administrators are personally liable for services of attorneys employed by them. On page 206 the court holds that attorney fees are governed by Section 6090, referred to above. Such contracts do not bind the estate. Money paid therefor by the administrator, if approved by the court, may be allowed in the accounts of the administrator, but there is no authority for allowing them in an order of distribution on a sale of real estate as prior to the claim of a first mortgagee.

It would be grossly unjust to compel the mortgagee to pay attorney fees of the administrator for foreclosing his mortgage; the mortgagee must pay his own attorney for setting up his claim in this proceeding; the administrator in no way represents the mortgagee as such.

It is said in the case of *Stone* v. *Strong*, 42 Ohio St., 53, on page 55, that:

"The administrator is the trustee * * * for the unsecured creditors."

But he is not the trustee for the secured creditors except as they are also general creditors. If the mortgagee in this case had failed to file an answer in the land sale proceedings, his lien would have been cut off by the decree of the court, and it

would not have been the duty of the administrator to see that his lien was preserved.

That the cost and charges and expenses "of the sale" did not include the general costs of administration we think is evident from the fact that the administrator could have brought his action for the sale of the decedent's land either in the court of common pleas or the probate court (see Section 6137). Suppose he had brought his proceeding in the court of common pleas, surely the costs of the sale would have been confined to those incurred in the court of common pleas, and would have included no costs in the probate court.

The case of *Andrews* v. *Johns*, 59 Ohio St., 65, involved the fees of an assignee for the benefit of creditors, but it is evident from the opinion of the court that it regards a sale by an assignee for the benefit of creditors as bearing a very close resemblance to a sale by an administrator to pay the debts of the decedent. On page 79 the court speaks of costs in this way:

"The court having found that the land was bid off by the owner of the first lien for a sum less than his debt, taxes and costs, an order that the purchaser pay such taxes as were due, and such costs as might properly be required of him under the statute, which would be such costs, and such only, as were made necessary by the foreclosure, and upon such payment a deed be made by the assignee, would have met the situation as it existed and worked out the proper legal result."

Here the costs are spoken of as those which would be made necessary by the foreclosure, not such costs as would be made necessary by the general administration of the estate, whether by an assignee or an administrator.

Of course in some cases (and apparently it is so in the case at bar), this works a hardship on the administrator and also on the judge of the court as to his fees, but in this same case of *Andrews* v. *Johns*, 59 Ohio St., 65, 77, the court says:

"Upon the proposition that by the construction of the sections affecting assignments here made, an injustice results to the assignee in that he is denied compensation for labor which he is required to perform, it would seem sufficient to say, as suggested by counsel, that the hardship is not greater than in the case of a

second mortgagee who forecloses his mortgage only to see the first mortgagee take all the proceeds, leaving his expenses to be borne without any result; or the case of an administrator, as in *Stone* v. *Strong,* where the first mortgagee is the purchaser. Besides, the assignee is not compelled to perform the services. He accepts the trust voluntarily and with whatever risk may attend its performance. If he finds it burdensome, or unrenumerative, he may at any time resign.''

We also call attention to the case of *Stone* v. *Strong,* 42 Ohio St., 53, especially to the language found on page 56, as follows:

"We must not be understood as holding that such a proceeding can be prosecuted by the personal representative, for the mere purpose of earning commissions, when the probability is that the land will not pay the liens.''

In the case at bar it appears that the real estate was the only property of the decedent. It was appraised at $700. The equity of redemption in this real estate constituted the only asset of the estate for administration. The claim of the mortgagee was $500 and interest at 7 per cent. from March 10, 1902. Here we have then a prior lien of $500, exclusive of interest, due the mortgagee and exclusive of court costs and administrator's fees incident to the sale. Under these circumstances this administrator, "the personal representative,'' in thus bringing this property to sale took the risk of its bringing a price that would leave a fund from which might be paid his attorney's fees and the fees of himself and the court incident to general administration of the estate. Such expenses can not be paid from the proceeds to the prejudice of the mortgagee. On page 57 of *Stone* v. *Strong, supra,* we find another comparison between a land sale by an administrator and a foreclosure by a mortgagee, the court saying:

"The same result would follow if the mortgagee had been foreclosing his own mortgage; the costs and expenses of making the sale must first be paid, including poundage, if he is not the purchaser, although the residue is insufficient to pay his lien.''

In the foreclosure case the mortgagee is not entitled to his attorney's fees, and it seems by analogy that in the land sale pro-

ceeding the administrator should not be allowed his attorney's fees, as part of the costs, prior to the claim of the mortgagee.

Section 6188 authorizes compensation for "extraordinary" services, but there were none such in this case. There were no contests between lienholders, nor any contest of any kind. The case was as simple and ordinary as a proceeding to sell real estate to pay debts could be.

It has been suggested in argument that to make perfect title to his real estate in the purchaser thereof under the mortgage, it is necessary to have the administrator in court as a party to the end that it may be divested of the lien of other debts of the deceased.

It is our understanding that in an action to foreclose the mortgage the administrator would not have been a necessary party (though if the equity of redemption had any value he might have been a proper party), and that the purchaser is subrogated to the rights of the mortgagee, and that where the value of the property proves to be less than the amount due on the mortgage, and there is no fraud or collusion in the proceeding and sale, such title is unassailable by general creditors of the decedent, or the representatives of his estate. Here the administrator did not owe any duty to the general creditors, to the mortgagee, to the purchaser, or to anyone else, justifying him in bringing this property to sale and adding to the costs and expenses of the sale other costs and expense not incident thereto. (See *McMahan* v. *Davis,* 19 C. C., 242).

We hold that under the circumstances here appearing the item of $15.40, court costs for administration, and $60, attorney's fees and surety company's bond of administrator, do not come within the purview of Section 6165, Revised Statutes, as "costs and expenses of the sale." And that they can not be paid from the proceeds of the sale to the prejudice of the mortgagee.

Therefore the judgment of the court of common pleas will be modified accordingly.

*B. A. Hayes,* for plaintiff in error.

*I. I. Millard,* for defendant in error.